## Appeal of Ruth and Stoner.

Finding of fact by an auditor appointed to distribute the proceeds of a sheriff's sale is conclusive.

Where two executions were placed in the sheriff's hands at different times, both before sale, and upon the writ first in date he made a special return that he had taken the receipt of the plaintiff in the writ second in date as a prior lien creditor, and upon the writ second in date indorsed as a return "Same return as at No. 151, May Term, 1886," thereby referring to the former writ, while not so clear as might be desired the natural interpretation is that he sold under both writs.

Matters of fact set forth in a sheriff's special return, under the act of April 20, 1846, to a writ of execution, are conclusive, and cannot be impeached, except in a proceeding the object of which is to falsify the return. *So held* where exceptions were filed after the return, and distribution submitted to an auditor.

(Argued October 4, 1887. Decided October 17, 1887.)

October Term, 1887, No. 38, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Appeal from a decree of Common Pleas of Westmoreland County dismissing exceptions to a sheriff's special return to a writ of execution, and confirming the report of an auditor awarding the fund raised thereby. Affirmed.

It appeared that the Conemaugh Building & Loan Association, appellee, held two mortgages of the same property made by William McIntyre, each for $400—one dated October 1, 1883, the other dated December 21, 1882, and a bond reciting the last mortgage, dated January 6, 1883.

NOTE.—Parol evidence is not admissible to change the return of the sheriff, unless it is ambiguous, or fraud is alleged. Bogue's Appeal, 83 Pa. 101; Heinbaugh v. Powell, 13 Pa. Co. Ct. 360, 3 Pa. Dist. R. 177; Freeman v. Apple, 99 Pa. 261. It may be offered to explain an ambiguity (Wildasin v. Bare, 171 Pa. 387, 33 Atl. 365), or to show fraud (Evans v. Matson, 51 Pa. 366, 88 Am. Dec. 584).

Subsequently Ruth and Stoner, appellants, obtained judgment against McIntyre for $170.98 and on April 1, 1885, issued execution (No. 151, May term, 1886), by virtue of which the sheriff levied upon the property covered by the above mortgages and by advertisements reciting that writ advertised the property to be sold on May 10, 1886.

On April 28, 1886, appellee entered judgment upon the bond dated January 6, 1883, and issued execution thereon (No. 213, May term, 1886.)

No additional advertisement was made. The sale was postponed to May 15, 1886, when the property was sold to the association for $385.

The attorney for the association testified that he bid, under the impression that the sale was under his writ, and that the .price bidden was the full value of the property.

On May 31, 1886, the sheriff made a special return upon the writ of appellants, being the first in date (No. 151, May term, 1886), reciting: "It appearing from the proper record that the said Conemaugh Building & Loan Association as a lien creditor is entitled to receive the sum of $326.81, I have taken his receipt for that amount; and the balance of said purchase money I have ready as commanded."

And to the appellee's writ, he made the following return: "Same return as at No. 151, May term, 1886."

The rules of the court of common pleas of Westmoreland county provide:

Rule No. 162. In all cases where special returns of the sheriff are authorized by law, they shall be read in open court on Saturday morning at 10 o'clock; and the reading thereof shall be noted on the writ and on the minutes of the prothonotary.

Rule No. 163. Upon the reading of a special return the same shall be confirmed *nisi*, which confirmation shall become absolute, unless exceptions be filed within seven days; and if exceptions are filed the case shall be immediately placed on the argument list.

On June 2, 1886, appellants filed exceptions thereto because the sheriff applied any part of the proceeds to appellee's writ; because the liens of appellee's mortgages were not discharged by the sale; and because the sheriff did not collect the whole

purchase money and apply the same to the payment of appellant's writ.

Thereupon the court appointed John Armstrong, Esq., auditor, to report a distribution of the proceeds.

The auditor found the above facts and, *inter alia,* that the sheriff testified that the advertisement was made under appellant's writ and the property could not be sold under appellee's writ on May 10, 1886; that appellee's judgment was for the mortgage debt.

And the auditor further reported as follows:

"That the return of the sheriff is conclusive is one of those elementary principles which cannot be gainsaid or denied. And, therefore, in the present case, the sheriff having made the same return on both fi. fas., it is conclusive and cannot be altered or contradicted by parol testimony. In the case of Mentz v. Hamman, 5 Whart. 150, 34 Am. Dec. 546, it was said: 'Before return made by the sheriff, the courts have always interposed to prevent injustice, but they cannot alter the effect of a return. . . . Nor must we for one moment give countenance to the practice of introducing parol testimony to control the sheriff's return, except in an action against him for official misconduct.'

"And therefore the mortgage of the Conemaugh Building & Loan Association of Blairsville, being the first lien on the real estate sold, is entitled to the fund, less costs of sale and audit.

"The following authorities are referred to as sustaining this decision: Mentz v. Hamman, 5 Whart. 150, 34 Am. Dec. 546; Patton v. Insurance Co. 1 Phila. 396; Sample v. Coulson, 9 Watts & S. 62; Flick v. Troxsell, 7 Watts & S. 65; Warder v. Tainter, 4 Watts, 274."

To this report appellants excepted because the auditor erred in applying the fund and in deciding that the sheriff's return was conclusive upon exceptants.

Thereupon the court dismissed the exceptions and confirmed the report; and appellants took this appeal, assigning as error that the court erred in dismissing the exceptions and in refusing to sustain them.

*McAfee, Atkinson, & Peoples,* for appellants.—Sale under a junior judgment will not discharge a prior mortgage lien. Com. v. Wilson, 34 Pa. 63; Cross v. Stahlman, 43 Pa. 129; Kuhn's Appeal, 2 Pa. St. 264; Wertz's Appeal, 65 Pa. 306.

Appellee's bond was dated January 6, 1883, the mortgage December 21, 1882; and there was no evidence to show that they were for the same debt. If they were not for the same debt, appellee's judgment was a subsequent lien.

There was no evidence that appellee produced to the sheriff a certified statement showing his lien as required by the act of April 20, 1846. Franklin Twp. v. Osler, 91 Pa. 160.

The property was not, and could not have been, advertised under appellee's writ.

If a sheriff's special return under act of April 20, 1846, is conclusive, a creditor aggrieved thereby has no remedy.

Section 2 expressly provides that if the return shall be questioned or disputed the court shall appoint an auditor who shall make report distributing the proceeds; or to direct an issue to determine the validity of said lien.

The rules of court (Nos. 162 and 163) provide for reading the return in court, and that thereupon the same shall be confirmed *nisi;* and if exceptions are filed they shall be placed on the argument list.

These provisions contemplate a contest upon the return; otherwise, there was nothing to refer to the auditor.

A sheriff's return may be disproved by evidence *aliunde.* Hyskill v. Givin, 7 Serg. & R. 369; Lowry v. Coulter, 9 Pa. 349; Vandike's Appeal, 17 Pa. 271.

A sheriff's special return is only prima facie in favor of the purchaser; and any averment therein may be negatived by showing the purchaser not entitled to the benefits of the act of April 20, 1846.

*James S. Beacom,* for appellee.—The argument of appellants relating to the lien of appellee's judgment and as to whether the proper certificate of lien was furnished the sheriff are questions of fact found by the auditor. The finding of an auditor upon the facts, which has been approved by the court below, will not be disturbed on appeal, except for flagrant error. Burrough's Appeal, 26 Pa. 264; Bedell's Appeal, 87 Pa. 510; McConnell's Appeal, 97 Pa. 31.

The fact that the price bid was the full value of the property is evidence of the understanding of the parties. There would be ground for setting aside the sale if the fund was not awarded to appellee. There is no dispute as to the legal effect of the re-

turns; the effort is to show erroneous application of the fund. This cannot be done, except in an action against the sheriff.

In addition to the cases cited by the auditor in his report, the following are cited here: McMicken v. Com. 58 Pa. 213; Welsh v. Bell, 32 Pa. 12; Trigg v. Lewis, 3 Litt. (Ky.) 129; Stewart v. Stocker, 13 Serg. & R. 199, 15 Am. Dec. 589; Perrin v. Leverett, 13 Mass. 128; Evans v. Parker, 20 Wend. 622.

OPINION BY MR. JUSTICE GREEN:

The auditor appointed to make distribution, in this case, found as a fact that the judgment of the Conemaugh Building & Loan Association was entered for the debt secured by the mortgage. The execution issued upon this judgment was delivered to the sheriff, after the writ of the appellants came to his hands, but before the sale.

The sheriff, having both writs in his hands at the same time, made return to the writ of the appellants that he had levied and sold the real estate of the defendant in the execution in obedience to and by virtue of that writ, and to the writ of the building and loan association he returned, "same return as at No. 151, May term, 1886." Whether he meant by this to say that he had levied and sold under the writ of the association also is perhaps not quite so clear as might be desired, but the natural interpretation of his words is to that effect; for the "same return" written out in full would, with reference to that writ, mean the same thing as the return upon the other writ meant in the reference to it.

This conclusion is strengthened by the circumstance that in the fully written out return the sheriff certified that as it appeared from the proper record that the association as a lien creditor was entitled to the sum of $326.81 he had taken its receipt for that amount. As this return would only be consistent with the fact that he had sold the property under both writs we are obliged to assume such to be the fact. Of course, if the sale was made upon both writs the lien of the mortgage, for the debt secured by which the judgment was entered, would be devested by the sale.

As to the matters of fact set forth therein, the sheriff's return is, of course, conclusive, and cannot be impeached, except in a proceeding the object of which is to falsify the return.

The auditor appointed to distribute the money has found the

facts to be as above stated, and, in accordance with them, the distribution was properly made.

Decree affirmed and appeal dismissed, at the costs of the appellant.